UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LILLIAN COLON-McKNIGHT,

                    Plaintiff,

v.

WORLD OMNI FINANCIAL CORP.
d/b/a SOUTHEAST TOYOTA
FINANCE, ELDER FORD OF TAMPA,
LLC, EXPERIAN INFORMATION
SOLUTIONS, INC., a foreign for-profit
corporation, EQUIFAX INFORMATION
SERVICES, LLC, a foreign limited
liability company, and TRANS UNION,
LLC, a foreign limited liability company,

                    Defendants.

Case No. 8:21-cv-02511-KKM-AEP

## DEFENDANT ELDER FORD OF TAMPA, LLC'S MOTION TO COMPEL ARBITRATION AND INCORPORATED MEMORANDUM OF LAW

Defendant, ELDER FORD OF TAMPA, LLC (hereinafter "ELDER FORD"), by and through its undersigned counsel, hereby moves the Court for entry of an order compelling this matter to arbitration and, and in support thereof states:

### I.     FACTUAL AND PROCEDURAL BACKGROUND

1.     On August 13, 2020, Plaintiff entered into agreements for the purchase and financing of a new 2020 Ford Escape (VIN 1FMCU0H62LUA51986) (hereinafter "Vehicle") from ELDER FORD. *See* Doc. 1 at ¶¶5, 38-40, 43, 61; Vehicle Buyer's Order, attached hereto as **Exhibit A**

(hereinafter "Buyer's Order"); Florida Vehicle Retail Installment Sales Contract (hereinafter "RISC"), attached hereto as **Exhibit B**.

2.     On October 26, 2021, Plaintiff filed her Complaint in this matter alleging a claim of breach of contract (Count I) against ELDER FORD arising out of the Vehicle transaction, wherein Plaintiff claims she traded in her Toyota vehicle for the Vehicle.  *See* Doc. 1 at ¶¶5, 38-40, 43, 61.

## II.     MOTION TO COMPEL ARBITRATION

### A.  Plaintiff's Claim Against ELDER FORD is Subject to Arbitration

The Buyer's Order was executed by Plaintiff on August 13, 2020.  *See* Exhibit A attached.  The Buyer's Order contains an arbitration provision, and authorizes either party to request and receive binding arbitration and states:

> **ARBITRATION PROVISION**
> **PLEASE REVIEW – IMPORTANT – AFFECTS YOUR LEGAL RIGHTS**
> 1. **EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL**….
>
> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this Vehicle, this Agreement or any resulting transaction or relationship (including any such relationship with third parties who do not sign this Agreement) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action.
>
> …

2

This Arbitration Provision shall survive any termination, payoff or transfer of this Agreement.

*Id.*

Additionally, the Buyer's Order contains Plaintiff's signature right below the

provision agreeing to Arbitration which states:

**This Agreement includes the terms and provision an all pages of this Agreement.   It includes the Arbitration Provision above.  By signing, you represent that you read and agree to all the terms of this Agreement, including the Arbitration Provision.**

*Id.*

Plaintiff also executed the RISC to finance the vehicle, which contains an

arbitration provision similar to the Buyer's Order and states, in pertinent part:

<u>**READ THIS ARBITRATION PROVISION CAREFULLY AND IN ITS ENTIRETY**</u>
<u>**ARBITRATION**</u>

Arbitration is a method of resolving any claim, dispute, or controversy (collectively, a "Claim") without filing a lawsuit in court. Either you or Creditor ("us" or "we") (each, a "Party") may choose at any time, including after a lawsuit is filed, to have any Claim related to this contract decided by arbitration....Claims include but are not limited to the following: 1) Claims in contract, tort, regulatory or otherwise; 2) Claims regarding the interpretation, scope, or validity of this provision, or arbitrability of any issue except for class certification; 3) Claims between you and us, your/our employees, agents, successors, assigns, subsidiaries,  or affiliates; 4) Claims arising out of or relating to your application for credit, this contract, or any resulting transaction or relationship, including that with the dealer, or any such relationship with third parties who do not sign this contract.

Exhibit B.

Under Florida law, there are three factors a court must consider when ruling on a motion to compel arbitration:  (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitrate has been waived.  *See Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999); *Florida Farm Bureau Ins. Co. v. Pulte Home Corp.*, 2005 WL 1345779, *3 (M.D. Fla. 2005).

In this case, there are two valid written agreements to arbitrate (RISC and Buyer's Order) and Plaintiff's breach of contract claim, which arises out of and relates to Plaintiff's purchase and financing of the Vehicle and alleged trade-in of the Toyota vehicle at issue as well as a resulting transaction or relationship with ELDER FORD and alleged breach of contract against ELDER FORD present arbitrable issues within the express scope of the Arbitration provisions in the parties' RISC and Buyer's Order.  Moreover, ELDER FORD has not waived its right to arbitrate through any knowing and voluntary relinquishment of its right to arbitrate, thus, the Court should compel Plaintiff to arbitration.

Courts generally favor arbitration agreements and will resolve any ambiguity in an arbitration provision in favor of arbitration.  *Id.*  Florida courts have recognized that "all questions concerning ... the right to arbitrate under contracts should be resolved in favor of arbitration rather than against it."  *See K.P. Meiring Constr. Inc. v. Northbay I. & E. Inc.*, 761 So.2d 1221 (Fla. 2d DCA 2000)(quoting *Beverly Hills Dev. Corp. v. George Wimpey of Fla., Inc.*, 661 So.2d 969, 971 (Fla. 5th DCA 1995).  Under Florida law, arbitration clauses are to be given

the "broadest possible interpretation to accomplish the salutary purpose of resolving controversies out of court." *See Royal Caribbean Cruises Ltd. v. Universal Employment Agency*, 664 So.2d 1107, 1108 (Fla. 3d DCA 1996).

Notwithstanding Plaintiff's express agreement in the RISC and Buyer's Order to arbitrate any and all disputes arising out of or relating to the vehicle transaction at issue or any resulting transaction or relationship, her express waiver of her right to litigate any such disputes in court or through jury trial, Plaintiff has filed a Complaint against ELDER FORD in this Court alleging the very type of claim she agreed was subject to arbitration.

### B. Challenges To The Validity Of The Retail Installment Sales Contract and Buyer's Order Are To Be Resolved In Arbitration

Should Plaintiff argue in an attempt to avoid arbitration that the RISC or Buyer's Order are invalid contracts, such argument should fail because Plaintiff would be challenging the validity of the RISC and Buyer's Order as a whole, which is an issue to be resolved by the arbitrator – not the court.  According to the United States Supreme Court, "unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance." *Buckeye Check Cashing, Inc. v. Cardegna*, 126 S. Ct. 1204, 1209 (2006); *see also Wiand v. Schneiderman*, 778 F. 3d 917, 924 (11th Cir. 2015) ("Challenges to the validity of the contract" are for the arbitrator to decide).

Moreover, even if Plaintiff was challenging the validity of the Arbitration Provisions and not the contracts as a whole, Plaintiff's claim would still be subject

to arbitration because the parties expressly agreed in the RISC and Buyer's Order that any claim or dispute "including the interpretation and scope of this Arbitration Provision" shall "be resolved by mutual, binding arbitration and not by a court action." Exhibits A attached. *See, e.g., Bank's v. Cashcall, Inc.¸* 2016 WL 3021749, *3 (M.D. Fla. 2016) ("Under a delegation provision 'parties may agree to commit even threshold determinations to an arbitrator, such as whether an arbitration agreement is enforceable.' ... 'When an arbitration agreement contains a delegation provision and the plaintiff raises a challenge to the contract as a whole, the federal courts may not review this claim because it has been committed to the power of the arbitrator'.")

WHEREFORE, for the reasons set forth herein, Defendant, ELDER FORD, respectfully requests the Court compel arbitration of this matter.

### III.   REQUEST FOR RELIEF

WHEREFORE, for the reasons set forth herein, Defendant ELDER FORD respectfully requests the Court compel arbitration of this matter[1], and for such other and further relief as the Court deems appropriate, just and proper[2].

/s/ *Christopher S. Branton*
Robert A. Shimberg, Esq.
(Florida Bar Number 816043)
Robert.shimberg@hwhlaw.com
Christopher S. Branton, Esq.
Christopher.branton@hwhlaw.com
(Florida Bar Number 825611)

---

[1] Defendant ELDER FORD reserves its right to further respond to and/or challenge the sufficiency of the Complaint, as well as seek affirmative relief, at the appropriate time should it be necessary.
[2] Defendant ELDER FORD reserves its right to seek its costs and attorneys' fees against Plaintiff pursuant to the terms of the RISC and Buyer's Order.

HILL WARD & HENDERSON, P.A.
101 E. Kennedy Blvd., Suite 3700
Tampa, Florida  33602
Phone:  (813) 221-3900
Fax:   (813) 221-2900
Attorneys for Defendant Elder Ford of Tampa, LLC

## CERTIFICATE OF SERVICE – CM/ECF

I hereby certify that on November 23, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*/s/ Christopher S. Branton*
CHRISTOPHER S. BRANTON