UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

LILLIAN COLON-MCKNIGHT,

    Plaintiff,                                                CASE NO. 8:21-cv-02511-KKM-AEP

v.

WORLD OMNI FINANCIAL CORP., d/b/a
SOUTHEAST TOYOTA FINANCE, *et al.*,

    Defendants.
_____/

**DEFENDANT WORLD OMNI FINANCIAL CORP. D/B/A SOUTHEAST TOYOTA FINANCE'S UNOPPOSED MOTION TO COMPEL ARBITRATION**

Defendant World Omni Financial Corp. d/b/a Southeast Toyota Finance ("World Omni"), by counsel, hereby moves to stay this action pending arbitration pursuant to the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1, *et seq*.

**INTRODUCTION**

In this action, plaintiff Lillian Colon-McKnight ("Plaintiff") alleges that World Omni violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA") and Florida's Consumer Collection Practices Act, Fla. Stat. § 559.55, *et seq.* (the "FCCPA"). The claims arise out of the allegation that World Omni attempted to collect a debt owed or due, or asserted to be owed or due, by Plaintiff.

On or about May 5, 2018, Plaintiff entered into a Closed End Motor Vehicle Lease Agreement (the "Agreement") with MK Automative Management, LLC. *See* Compl. ¶ 37 and the Agreement, a copy of which is attached hereto as **Exhibit A**. The Agreement was assigned to VT Inc., as Trustee for World Omni LT, and World Omni is designated as a Lessor under the terms of the Lease, as well as the party that will administer the Lease. Exh. A, Agreement at 1.

The Agreement contains a broad arbitration clause that submits any claim or dispute, whether in contract, tort, statute or otherwise, to neutral binding arbitration at the election of either party. *Id.* at § 61. This dispute clearly falls within the scope of the arbitration provision. Therefore, World Omni seeks to enforce the arbitration provision and requests that the Court grant this motion to compel arbitration and stay this action pending the conclusion of the arbitration proceeding.

## FACTUAL BACKGROUND

Plaintiff entered into the Agreement with MK Automative Management, LLC on May 5, 2018. *See* Exh. A. The Agreement states that World Omni is a Lessor, as well as the party administering the Lease. *Id.* The Agreement contains an "Arbitration Clause," *see* Exh. A at § 61, that specifically states as follows:

> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Clause, and the arbitrability of the claim or dispute) between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, lease or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action.

*See* Exh. A. at § 61.

By signing the Agreement, Plaintiff agreed to be bound by the arbitration clause. In fact, Plaintiff initialed next to the statement that "[t]he parties agree that any unresolved Disputes (as defined in Section 61 on the reverse side of this Lease) shall be submitted to arbitration in accordance with the terms of Section 61." Exh. A at § 30. Alleged attempts to collect a debt by World Omni clearly arise out of and relate to the "contract or any resulting transaction or relationship." *Id*. at § 61.

Pursuant to the arbitration clause set forth in the Agreement, World Omni seeks to compel binding arbitration of the claims raised in Plaintiff's Complaint. This action should therefore be stayed pending a ruling from the arbitrator.

## **MEMORANDUM OF LAW**

**A.    The Agreement Requires Plaintiff's Claims to be Submitted to Arbitration**

Written agreements to arbitrate disputes are valid, enforceable and are to be liberally enforced. *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Federal policy favors arbitration over litigation, and requires that arbitration clauses be construed broadly and that all doubts be resolved in favor of arbitration. *Seaboard Coast Line R.R. Co. v. Trailer Train Co.*, 690 F.2d 1343, 1348 (11th Cir. 1982); *Nicor Int'l Corp. v. El Paso Corp.*, 292 F. Supp. 2d 1357, 1371 (S.D. Fla. 2003) (noting strong federal policy in favor of enforcing arbitration agreements). The FAA establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability. *Moses H. Cone Memorial Hosp.*, 460 U.S. at 24–25.

"Where valid, courts should enforce such provisions so long as there exists 'clear and unmistakable evidence' that the parties manifested their intent to arbitrate gateway issues, and may do so by 'staying federal litigation under § 3 [of the FAA] and compelling arbitration under § 4.'" *Galan v. Barclays Bank Del.*, Case No. 14-cv-2446-UU, 2014 WL 12029368, at *2 (S.D. Fla. Dec. 29, 2014). That the arbitration agreement uses general, rather than specific, language does not mean that the arbitration agreement is limited in scope to only a narrowly defined subset of claims. *Brown v. ITT Consumer Fin. Corp.*, 211 F.3d 1217, 1221 (11th Cir. 2000) ("A party cannot avoid arbitration … because the arbitration clause uses general, inclusive language, rather than listing

3

every possible specific claim. … An arbitration agreement is not vague solely because it includes the universe of the parties' potential claims against each other.").

"Claims are subject to arbitration where they fall within the scope of a valid and enforceable arbitration agreement." *Galan*, 2014 WL 12029368, at *2. *See also Betancourt v. Green Tree Servicing, LLC*, No. 8:13-cv-2759-T-30AEP, 2013 WL 6644560, at *4 (M.D. Fla. Dec. 17, 2013). In *Betancourt*, the Court held that an FCCPA claim was subject to a broad arbitration provision in the underlying agreement giving rise to the debt at issue and compelled the plaintiff to arbitrate the very same claims that Plaintiff brings in this action. *Id*. at *3. *See also Ownings v. T–Mobile USA, Inc.*, 978 F. Supp. 2d 1215, 1225 (M.D. Fla. 2013) (same). Here, the Agreement clearly expresses the parties' rights to compel arbitration for *any* claim which may arise from that Agreement; no claims are excluded and Plaintiff's claims are encompassed. Moreover, either party can choose to invoke the language of the arbitration clause and compel arbitration.

**B.     World Omni Has the Right to Seek Arbitration of Plaintiff's Claims**

Three elements must be considered under both the FAA and Florida's arbitration code when determining whether a party has a right to arbitrate: (i) whether a valid written agreement to arbitrate exists; (ii) whether an arbitral issue exists; and (iii) whether the right to arbitration has been waived. *See Sims v. Clarendon Nat. Ins. Co.*, 336 F. Supp. 2d 1311, 1326 (S.D. Fla. 2004). All three of these elements have been met here. Thus, the Court is permitted to stay this action pending the conclusion of arbitration.

**i. Plaintiff entered into a valid agreement to arbitrate**

The arbitration clause contained in the Agreement, which was reviewed and acknowledged by Plaintiff, establishes that World Omni may compel arbitration for

> *[a]ny* claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Clause, and the arbitrability of the claim or dispute) between you and us or our employees, agents, successors or assigns, **which arises out of or relates to … this contract or any resulting transaction or relationship** (including any such relationship with third parties who do not sign this contract). …

See Exh. A. at § 61 (emphasis added).

This arbitration provision covers the claims brought by Plaintiff as they arise out of and relate to World Omni's attempt to collect sums due under the Agreement. Therefore, Plaintiff is bound by the arbitration provisions contained in the Agreement.

### ii. An arbitrable issue exists

The Complaint alleges that World Omni violated the FCCPA and the FCRA by attempting to collect an unpaid debt from Plaintiff. While World Omni denies any wrongdoing, courts within this district have compelled arbitration in matters involving FCCPA and FCRA claims. *Wilson v. Trans Union, LLC*, Case No. 6:18-cv-257-Orl-28KRS, 2018 WL 2376501 (M.D. Fla. May 4, 2018); *Ownings v. T–Mobile USA, Inc.*, 978 F. Supp. 2d 1215, 1225 (M.D. Fla. 2013); *Obremski v. Springleaf Fin. Servs., Inc.*, No. 8:12-cv-1594-T-33AEP, 2012 WL 3264521, at *2-3 (M.D. Fla. Aug. 10, 2012) (finding that plaintiff's FCRA claims "arose from" or "related to" to a loan agreement because they were all based on allegations pertaining to amounts owed under the agreement, defendant's reporting of the amounts owed under the agreement, or defendant's collection efforts for the amount owed under the agreement). Therefore, an arbitrable issue exists.

### iii. World Omni did not waive its arbitration rights

To determine whether the right to arbitrate has been waived, courts apply a two-part test: (i) "whether, 'under the totality of the circumstances,' the party 'has acted inconsistently with the arbitration right'"; and (ii) "whether, by doing so, that party 'has in some way prejudiced the other

party.'" *Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1315–16 (11th Cir. 2002) (quoting *S & H Contractors, Inc. v. A.J. Taft Coal Co., Inc.*, 906 F.2d 1507, 1514 (11th Cir. 1990)). *See also Garcia v. Wachovia Corp.*, 699 F.3d 1273, 1277 (11th Cir. 2012) (quotations and citations omitted). Because federal policy favors arbitration, "any party arguing waiver of arbitration bears a heavy burden of proof." *Stone v. E.F. Hutton & Co., Inc.*, 898 F.2d 1542, 1543 (11th Cir. 1990) (quotation and citation omitted).

World Omni has not taken any affirmative steps in this action that are inconsistent with its intent to arbitrate. World Omni has not filed any motions, propounded any discovery requests to Plaintiff, or taken any affirmative steps to advance the litigation. The only steps taken by World Omni in this matter was a request for a brief extension of time to file its motion. Where the litigation has only been pending a few months, the Eleventh Circuit has generally declined to find waiver. *See e.g., Benoay v. Prudential-Bache Sec., Inc.*, 805 F. 2d 1437 (11th Cir. 1986) (holding that a party had not waived its right to arbitrate when the motion to compel arbitration was made more than ten weeks after its right to arbitrate accrued).

Moreover, Plaintiff would not be prejudiced if this matter is sent to arbitration as she has not incurred any substantial expenses to date and there has not been a substantial delay or any delay for that matter. *See Plaintiffs' S'holders Corp. v. Southern Farm Bureau Life Ins. Co.*, 486 Fed. Appx. 786, 792 n.2 (11th Cir. 2012). Accordingly, the action should be stayed pending arbitration.

## CONCLUSION

For the reasons set forth above, defendant World Omni Financial Corp. respectfully requests that the Court (i) grant World Omni's Motion; (ii) stay this action pending the conclusion of arbitration; and (iii) grant World Omni such other and further relief as the Court deems just and proper.

## LOCAL RULE 3.01(g) CERTIFICATE OF CONFERRAL

Counsel for World Omni certifies that counsel conferred with Plaintiff's counsel in an effort to resolve or narrow the issues set forth in this Motion. Plaintiff does not oppose the relief being sought herein.

Dated: January 3, 2022

Respectfully submitted,

*/s/Octavia M. Green*
RYAN ROMAN
Florida Bar No. 025509
ryan.roman@akerman.com
**AKERMAN LLP**
98 Southeast Seventh Street
Suite 1100
Miami, FL 33131
Telephone:  305-374-5600
Facsimile:  305-374-5095

OCTAVIA M. GREEN
Florida Bar No. 119179
octavia.green@akerman.com
**AKERMAN LLP**
999 Peachtree Street
Suite 1700
Atlanta, GA 30309
Telephone: (404) 733-9800
Facsimile: (404) 733-9898

*Counsel for Defendant World Omni Financial Corp. d/b/a Southeast Toyota Finance*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of January, 2022, a true and correct copy of the foregoing document has been furnished electronically by the CM/ECF system to those parties receiving electronic notification in this case.

/s/ *Octavia M. Green*
Octavia M. Green