UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LILLIAN COLON-MCKNIGHT,

    Plaintiff,

v.                                         Case No: 8:21-cv-2511-KKM-AEP

WORLD OMNI FINANCIAL CORP.,
ELDER FORD OF TAMPA, LLC,
EXPERIAN INFORMATION
SOLUTIONS, INC., and
TRANS UNION, LLC,

    Defendants.
_____

## ORDER

    Lillian Colon-McKnight leased a car in 2018. The lease was subsequently assigned to World Omni Financial Corp. Two years later, Colon-McKnight traded in the car to Elder Ford of Tampa, LLC. As part of the trade-in, Elder Ford agreed to pay off the remaining lease and Colon-McKnight stopped paying on the lease. After the trade-in, World Omni sent Colon-McKnight a collection letter on the lease debt. Despite Colon-McKnight's attempts to explain the trade-in agreement, World Omni sent the debt out for collection. In response, Trans Union, LLC, Experian Information Solutions, Inc., and

Equifax Information Services, LLC, created credit reports showing that Colon-McKnight failed to pay the debt.

Colon-McKnight sued World Omni, Elder Ford, Trans Union, Experian, and Equifax. (Doc. 1.) Count I of the Complaint alleges that Elder Ford breached its contract to pay the lease and return the car to World Omni. Counts II and III allege that World Omni violated Florida law by attempting to collect a debt that Colon-McKnight did not owe and violated federal law by publishing inaccurate credit reports. Finally, Counts IV though VII allege that Trans Union and Experian violated federal law by reporting inaccurate credit information. Upon notice by Colon-Knight and Equifax that the parties had settled, (Doc. 33), the Court dismissed the claims against Equifax, (Doc. 34).

World Omni and Elder Ford each move to compel arbitration under the lease agreement and the trade-in agreement. (Doc. 23; Doc. 32.) Colon-McKnight does not oppose either motion. After review, the Court concludes that the arbitration clauses are enforceable and require Colon-McKnight to arbitrate her claims against World Omni and Elder Ford. *See* 9 U.S.C. § 3; *Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999). Because the success of McKnight's claims against Trans Union and Experian depend on the claims subject to arbitration, the Court stays the entire case during the pendency of arbitration. *See Klay v. All Defendants*, 389 F.3d 1191, 1203–04 (11th Cir. 2004)

(explaining that a court may stay non-arbitrable claims when it is not feasible to adjudicate the claims separately from the claims subject to arbitration).

Accordingly, the following is **ORDERED:**

1. Defendants' Motions to Compel Arbitration (Doc. 23; Doc. 32) are **GRANTED.** The parties shall proceed to binding arbitration as required in the lease agreement (Doc. 32-1) and the trade-in agreement (Doc. 23-1; Doc. 23-2).

2. This case is **STAYED.** The Clerk is directed to **TERMINATE** any pending motions or deadlines, and to **ADMINISTRATIVELY CLOSE** this case.

3. The parties must file a joint status report on **April 15, 2022,** and **every 90 days** thereafter. The parties must promptly notify the Court of the resolution of the claims asserted in this case.

**ORDERED** in Tampa, Florida, on January 12, 2022.

Kathryn Kimball Mizelle
United States District Judge